Wash, J.,
delivered the opinion of the Court.
This was an action of ejectment, in which Scott was plaintiff and Whitehill and Finch defendants, in the Court below, for the recovery of a lot in the city of St. Louis. The defendants pleaded not guilty; and, on the trial, the jury found a special verdict, upon which the Circuit Court rendered judgment for the defendants; to reverse which this writ of error is prosecuted.
The special verdict shows that one Thomas Brady died seized of the premises in dispute, about the 1st of October, 1821; that on the 13th of October, 1823, the Bank of Missouri obtained a judgment against Brady’s administrator, who died on the 1st day ol' January thereafter? that said judgment was duly revived against the administrators de bonis non of said Brady, on the 3d of August, 1825, and execution issued thereon the 2d day of September, 1825, by virtue of which the Sheriff levied on the premises in dispute, and on the 24lh of the same month sold the same, in due form of law, by virtue of said execution, to one John O’Faiion, who took the Sheriff’s deed therefor, and thereupon conveyed the same to the plaintiff, on the 28th of September 1825; that on the 7th of October, 1824, Hill and Keese obtained judgment, in the same Court, against the administrators de bonis non of said Brady, on which they issued out execution on the 17th of December, 1824, which was levied in like manner upon the premises in dispute, and by virtue thereof the same was sold, in due form of law, on the 31st of March, 1825, when one David B. Hill became the purchaser of said premises, took the Sheriff’s deed therefor, and leased them to the defendants. The special verdict further states that the premises in dispute were not the mansion of Brady at the time of his death, or before, and that his administrators had not sold, nor taken any steps to make sale thereof. From this state of the record, several questions of the deepest interest to the community have arisen, which the counsel on both sides have contested with great ability. First. It is contended by the plaintiff's counsel that the sale, under the judgment of Hiii and Keese, was altogether illegal and void, for want of authority in the Sheriff' to make it, and consequently passed no title whatever. Second. That the bank judgment, under which the plaintiff derives title, was a lien upon the real property of Brady’s estate, situate in the county of St. Louis, from the date of its rendition, and being prior to that under which the defendants hold, should he preferred. Third. That the sale under Hill and Keese’s judgment was controlled by the provisions of an act relating to judgments and decrees, passed on the 16th of February, 1825, which provides that the sale of lands, under a junior judgment, shall pass the title of the defendant, subject to the lien of all prior judgments then in force, &c., &c.: Se». Code, 462. *495 Whilst, on the other hand, the counsel for the defendants insist: Fourth. That hy the whole tenor of an act, passed on the 21st day of February, 1825, concerning executors and administrators, no execution can lawfully issue on a judgment against an administrator in the Circuit Court, and that, therefore, the execution issued on the judgment in favor of the Banlc, under which the plaintiff derives title, was utterly null and void, and the sale under it conveyed no title. Fifth. That a judgment against an administrator creates no lien upon the real estate of the intestate. Sixth. That if judgments are liens, still, that prior sales under j unior j udgments, will defeat the liens of older judgments, and that, therefore, the sale under the judgment of Hill and Keese passed the title, unencumbered by the lien of the Bank judgment. These propositions are stated without regard to the order in which they were advanced on either side. They are all of deep interest, and claim the best deliberation we can bestow. It is not proposed, at present, to settle any of them, except the fourth, which, from its generality, the transactions of every day make it necessary for us to decide, (i. e.) whether or not an execution may lawfully issue on a judgment against an administrator in the Circuit Court. We think that after the expiration of eighteen months from the time of granting letters testamentary, or of administration, that an execution may issue on a judgment obtained against either the testator or intestate, in his lifetime, or against his executor or administrator after his death.
The force and effect of such an execution will be considered when the other questions, which have arisen in this cause, are decided.